**Maya Wati NAICKER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 97–71179.**

**INS No. A72–697–033.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2001.[1]

Decided May 29, 2001.

Before SNEED and SILVERMAN, Circuit Judges, and SEDWICK, District Judge.[2]

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

## MEMORANDUM [3]

Maya Wati Naicker ("Naicker"), a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(2),[4] and we deny the petition. The parties are familiar with the facts, and, therefore, we discuss only those most germane to our analysis.

Denial of asylum and withholding of deportation are reviewed under the substantial evidence standard. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). This standard is "extremely deferential." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). The petitioner seeking reversal "must establish that the evidence not only supports the conclusion that she suffered persecution or has a well-founded fear of persecution, but compels it." *Fisher*, 79 F.3d at 961. The evidence must be "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Substantial evidence supports the decision to deny Naicker asylum and withholding of deportation. Naicker's application was not supported by credible, direct, and specific testimony sufficient to support a finding that Naicker suffered persecution or has a well-founded fear of future persecution, and consequently there is insufficient evidence to support an objectively reasonable fear of past or future persecu-

tion. *See Kamla Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

Analysis of an asylum claim is necessarily a fact-driven exercise. *See Singh v. INS*, 134 F.3d 962, 967–68, 969 n. 12 (9th Cir. 1998). Fiji's initial coup occurred in 1987. Naicker experienced no problems until June 1992. She testified to four specific incidents. Two of these were isolated criminal episodes—a robbery that occurred in June 1992 and a burglary that was committed in January 1993. The other two incidents involved police contacts in June 1992 and March 1993. Naicker did not feel compelled to flee Fiji immediately. *Cf. Singh*, 134 F.3d at 969. Police exhibited no persistent or continuing interest in Naicker. *Cf. Kamla Prasad*, 47 F.3d at 339–340. Her family still lives in Fiji without report of trouble. *Cf. Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Unknown persons threatened Naicker's daughter with rape. The threat of rape was not directed at Naicker. *Cf. Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000). Naicker alleges that the police subjected her to objectionable treatment. However, this case does not involve sadistic or degrading treatment. *Cf. Singh*, 134 F.3d at 968. The physical mistreatment Naicker testified to was apparently minor in that no hospitalization or medical treatment was needed. *Cf. Kamla Prasad*, 47 F.3d at 339–340. Naicker's testimony establishes that the police articulated facially valid reasons for contacting her; specifically, noise at her home and the necessity of securing a permit to hold meetings for

---

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**4.** The Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1),

Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

large groups of people. Police inaction in response to Naicker's reports could have been attributable to insufficient information or lack of investigative leads. *Cf. Singh*, 134 F.3d at 968. Naicker testified that others held bajan singing sessions without being bothered by the police. Evaluated objectively, this undermines her belief that the police were targeting her for the religious or social context of the singing sessions because police would presumably harass participants at all such sessions if they harbored ill-intent. The broader ethnic tension existing in Fiji is not sufficient to establish a well-founded fear of persecution. *See Lata*, 204 F.3d at 1245. The alleged death threats Naicker discussed were not supported by credible, direct, and specific testimony sufficient to establish past persecution or a well-founded fear of future persecution. Naicker said that unknown burglars wrote "we will wipe you out" or similar words on the door of her home. However, there is no evidence connecting this alleged threat to Naicker's religion or membership in a social group. The threat could have been left by burglars attempting to cover their tracks by casting suspicion elsewhere instead of by persons bent on persecution. Moreover, Naicker's family has remained in Fiji without incident. Overall, Naicker's testimony was vague, nonspecific, and not direct—in a word, non-persuasive. *Cf. Aruta v. INS*, 80 F.3d 1389, 1392, 1396 (9th Cir.1996); *Rebollo-Jovel v. INS*, 794 F.2d 441, 447–48 (9th Cir.1986).

Naicker's circumstances are substantially similar in many respects to those reported in *Kamla Prasad, supra*. Naicker has not established that "the evidence not only supports the conclusion that she suffered persecution or has a well-founded fear of persecution, but compels it." *Fish-*

*er*, 79 F.3d at 961. Although a reasonable factfinder could (perhaps) have found that past persecution existed, there is no basis for concluding that a reasonable factfinder would have been compelled to find past persecution. *See Kamla Prasad*, 47 F.3d at 340. The evidence is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 483–84.

Because Naicker has not established that she is entitled to asylum, it necessarily follows that she is not entitled to an order withholding deportation. *See Singh*, 134 F.3d at 971; *Fisher*, 79 F.3d at 961; *Ghaly*, 58 F.3d at 1429.

PETITION DENIED.